**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DAMACIO PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> HOUSTON POLICE OFFICER C. CASTLE, <br><br> Defendants. | Case No.: 4:26-cv-01347 <br><br> JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

The Plaintiff, Damacio Perez, by his attorneys, The Law Offices of Haytham Faraj and Issa Tannous, submit the following Amended Complaint against Defendant Houston Police Officer C. Castle as follows:

**INTRODUCTION**

1.      This action is brought seeking damages as redress for the violation of Plaintiff's rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and for personal injuries sustained by Plaintiff.

2.      The damages resulted from the Defendant's unlawful and unauthorized seizure of the Plaintiff, the unlawful use of excessive force and/or brutality against the Plaintiff causing severe bodily and personal injuries, and emotional distress, all of which have caused the Plaintiff significant and severe damages, including personal and pecuniary injuries.

1

**JURISDICTION AND VENUE**

**3.**      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §§1983 and 1988.

**4.**      Venue is proper, pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district.

**THE PARTIES**

**5.**      Plaintiff, Damacio Perez, at all relevant times is and was a citizen of the United States of America, resided in Houston, Texas, and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

**6.**      Defendant Officer C. Castle, at all times relevant is and was a duly sworn peace officer of the City of Houston, possessing law enforcement authority under Texas law. At all relevant times set forth herein he was acting under color of law and within the scope of his employment with the City of Houston.  Castle is sued in his individual capacity. Upon information and belief, the Defendant resides in the City of Houston and County of Harris County, Texas.

**FACTS COMMON TO ALL COUNTS**

**7.** On November 18, 2024, at approximately 9:45 p.m., Plaintiff was lawfully present in a public area near the 300 block of Capitol Street, adjacent to Buffalo Bayou, in downtown Houston, Texas.

**8.** The area was dark and dimly lit. The only ambient lighting came from distant street lamps and scattered downtown buildings. Visibility at ground level was poor.

2

**9.** Plaintiff was with his girlfriend at the time, Meagan Garret. The two were walking separately along the sidewalk that runs beside the bayou.

**10.** At the time in question, Plaintiff was not engaged in any criminal activity. He was not armed. He did not have any weapon on his person. He had committed no offense. He had made no threat to any person.

**11.** Without Plaintiff's knowledge, Officer Castle and other HPD officers approached the area on foot.

**12.** The officers did not activate emergency lights or sirens visible from Plaintiff's position. Given the darkness, the distance, and the officers' approach, Plaintiff could not see that the individuals approaching Ms. Garret were police officers.

**13.** At no time before Officer Castle opened fire did Officer Castle or any other officer verbally identify himself or themselves as police or law enforcement to Plaintiff.

**14.** At no time before Officer Castle opened fire did any officer display a badge or any other indicia of authority in a manner visible to Plaintiff under the lighting conditions then existing.

**15.** The officers encountered Ms. Garret and detained her on the sidewalk along the bayou.

**16.** At the time of the detention of Ms. Garret, Plaintiff was approximately 100 feet away from Ms. Garret and the officers.

**17.** While Plaintiff was approximately 100 feet away, the officers, including Officer Castle, began aggressively yelling at Plaintiff.

18.     The officers' yelling did not include any statement identifying the yelling persons as police officers. The officers did not shout "Police," "HPD," "Houston Police," or any similar phrase identifying themselves as law enforcement.

19.     Plaintiff reasonably did not know, and could not reasonably have known, that the individuals yelling at him were police officers. From his vantage point, Plaintiff perceived unidentified persons, in the dark, yelling at him while standing near his girlfriend.

20.     Plaintiff walked towards Ms. Garret's direction. He did not run. He did not charge. He did not brandish a weapon.

21.     As Plaintiff walked toward Ms. Garret, his hands were inside the front pocket of his hooded sweatshirt.

22.     Defendant yelled at Plaintiff to "put your f*cking hands up" without once identifying himself as police or law enforcement.

23.     As Plaintiff continued to calmly approach the officers he removed his hands from the front pocket of his hooded sweatshirt.

24.     Plaintiff's hands were empty. Plaintiff was not holding a firearm. Plaintiff was not holding a knife. Plaintiff was not holding any object that resembled a weapon.

25.     At the very moment Plaintiff removed his empty hands from his pocket, Defendant Castle fired at least ten (10) rounds from his weapon at Plaintiff, including approximately five (5) rounds after Plaintiff was struck and fell to the ground.

26.     Officer Castle gave no warning, verbal or otherwise, that he would use deadly force before firing. No warning was given even though one was feasible under the circumstances.

4

27.    At the time Officer Castle fired, Plaintiff was approximately 50 feet from the officers; was not advancing aggressively; was not armed; was not threatening any officer, Ms. Garret, or any other person; had not committed any severe or violent offense; and was not attempting to flee.

28.    No objectively reasonable officer, confronted with the facts and circumstances known to Officer Castle at the moment he pulled the trigger, would have believed that Plaintiff posed an immediate threat of death or serious bodily injury sufficient to justify deadly force.

29.    Officer Castle's use of deadly force was disproportionate, premature, and unreasonable under the totality of the circumstances.

30.    Plaintiff was struck by multiple rounds. He sustained serious injuries, including but not limited to loss of sensation in his left foot and gunshot injuries to his back, legs, shoulder, and buttocks.

31.    Plaintiff was transported to Memorial Hermann Hospital and was hospitalized for approximately one week.

32.    Plaintiff has suffered, and will continue to suffer, significant physical pain, mental anguish, emotional distress, loss of enjoyment of life, loss of earning capacity, and medical expenses, all proximately caused by the Defendant's unconstitutional conduct.

33.    At the time of the shooting, it was clearly established that the use of deadly force against an unarmed person who was not posing an immediate threat of death or serious bodily injury to the officers or to others, who was not actively resisting arrest or evading arrest by flight, and who was, in fact, in the act of complying with

the officers' own commands, violates the Fourth Amendment to the United States Constitution.

**COUNT I — 42 U.S.C. § 1983**
**FOURTH AMENDMENT: EXCESSIVE FORCE (OFFICER CASTLE)**

34.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35.    At all times relevant to this Amended Complaint, Plaintiff had a clearly established right under the Fourth Amendment to the United States Constitution to be free from the use of excessive force, including unreasonable deadly force.

36.    Officer Castle used deadly force against Plaintiff by firing multiple rounds from his service weapon into Plaintiff's body.

37.    Officer Castle's use of deadly force was objectively unreasonable under the totality of the circumstances. Specifically: (a) Plaintiff was unarmed; (b) Plaintiff had committed no crime, let alone a severe or violent crime; (c) Plaintiff posed no immediate threat of death or serious bodily injury to Officer Castle, to other officers, or to any other person; (d) Plaintiff was not actively resisting arrest; (e) Plaintiff was not attempting to evade arrest by flight; (f) Plaintiff was approximately 50 feet away from the officers when he was shot; (g) the officers had not identified themselves as police officers before Officer Castle opened fire; and (h) Officer Castle gave no warning that deadly force would be used, even though such a warning was feasible.

38.    No objectively reasonable officer on the scene would have believed that the use of deadly force against Plaintiff was lawful under the circumstances known to Officer Castle at the moment he fired.

**39.** Officer Castle's conduct was intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's clearly established constitutional rights, such that an award of punitive damages is warranted.

**40.** As a direct and proximate result of Officer Castle's unconstitutional use of excessive force, Plaintiff has suffered, and will continue to suffer, severe physical injuries, pain and suffering, mental anguish, emotional distress, loss of earning capacity, and medical expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Castle for compensatory damages in an amount to be determined at trial but in excess of $2,000,000.00; punitive damages in an amount sufficient to punish and deter; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; pre- and post-judgment interest; and such further relief as the Court deems just and proper.

**COUNT II — 42 U.S.C. § 1983**
**FOURTH AMENDMENT: UNREASONABLE SEIZURE BY DEADLY FORCE (OFFICER CASTLE)**

**41.** Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**42.** At all times relevant to this Amended Complaint, Plaintiff had a clearly established right under the Fourth Amendment to be free from unreasonable seizure, including seizure by the use of deadly force not justified by probable cause to believe he posed an immediate threat of death or serious bodily injury.

7

43.     Officer Castle seized Plaintiff within the meaning of the Fourth Amendment when Officer Castle intentionally fired multiple rounds into Plaintiff's body and struck him.

44.     The seizure of Plaintiff by deadly force was unreasonable. At the moment Officer Castle pulled the trigger, Officer Castle lacked probable cause to believe that Plaintiff posed an immediate threat of death or serious bodily injury to Officer Castle, to other officers, or to any other person.

45.     Plaintiff was unarmed, was approximately 50 feet away, was complying with the order to show his hands, was not resisting, was not fleeing, and had given no indication of a threat.

46.     Officer Castle gave no warning that deadly force would be used, even though a warning was feasible.

47.     Officer Castle's conduct was intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's clearly established constitutional rights.

48.     As a direct and proximate result of the unreasonable seizure of Plaintiff by deadly force, Plaintiff has suffered, and will continue to suffer, severe physical injuries, pain and suffering, mental anguish, emotional distress, loss of earning capacity, and medical expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Castle for compensatory damages in an amount to be determined at trial but in excess of $2,000,000.00; punitive damages in an amount sufficient to punish and deter; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; pre- and post-judgment interest; and such further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Damacio Perez respectfully requests that this Court enter judgment in his favor and against Defendant and award the following relief:

(a) Compensatory damages in excess of $2,000,000.00;

(b) Punitive damages in an amount sufficient to punish and deter;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

(d) Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

(e) Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Matthew Amarin*
Matthew Amarin (*admitted pro hac vice*)
The Law Offices of Haytham Faraj
1935 W Belmont Avenue
Chicago, IL 60657
312-635-0800
One of Plaintiff's Attorneys

*/s/ Issa Paul Tannous*
ISSA PAUL TANNOUS
Texas Bar No. 24048829
Federal Id. No.: 3621802
4900 Fournace Place, Suite 520
Bellaire, Texas 77401
Tel. (713) 485-5901
issa@iptannouslaw.com
One of Plaintiff's Attorneys